COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Garrison Christopher McCoy v. The State of Texas

Appellate case number:    01-19-00663-CR

Trial court case number:  1397913

Trial court:              230th District Court of Harris County

Appellant's brief was due originally on January 10, 2020. This Court sent appellant notice that the brief was late. Appellant did not respond, file a brief, or seek an extension. On April 28, 2020, this Court issued an order abating the case and directing the trial court to hold a hearing to determine if appellant had abandoned his appeal or, if not, whether counsel should be appointed. The trial court appointed counsel, Kyle Reeves Sampson, to represent appellant. The hearing record was not filed but the supplemental clerk's record was filed on May 28, 2020, and the case was reinstated on the Court's active docket. This Court reset the brief-due date for July 8, 2020. On July 15, 2020, the Court issued a notice of late brief. Appellant did not respond or otherwise file a brief or motion for extension.

Appointed counsel has failed to file appellant's brief for more than six months. Therefore, we abate this appeal and remand to the trial court to hold a hearing at which appellant and appointed counsel, Kyle Reeves Sampson, shall be present.[1] We direct the trial court to make appropriate written findings of fact and conclusions of law and to execute any necessary orders on these issues:

1)  Whether appellant still wishes to pursue this appeal;
2)  If so, whether appointed counsel, Kyle Reeves Sampson, has abandoned the appeal and, if so, whether other counsel should be appointed; and
3)  To set a date certain (in no event to be more than 30 days from the date of the abatement hearing) for appellant to file a brief.

---

[1]  If appellant is now incarcerated, he may appear by closed video teleconference. Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

*See* TEX. CODE CRIM. PROC. art. 1.051(a), (c), (d)(1), (f), 26.04; TEX. R. APP. P. 38.8(b).

The trial court's findings and any orders issued pursuant to this hearing shall be included in a supplemental clerk's record and filed in this **Court no later than 30 days from the date of this order**. The trial court shall have a court reporter, or court recorder, record the hearing and file the reporter's record with the Court **no later than 30 days from the date of this order**. If the hearing is conducted by video teleconference, a certified electronic copy of the hearing shall be filed in this Court **no later than 30 days from the date of this order.**

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when a supplemental clerk's record and reporter's record compliant with this order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED

Judge's signature: _____/s/ Veronica Rivas-Molloy_____
                                Acting individually

Date: February 9, 2021